## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LAURA HAGERTY, | Civil Action No.: 5:24-cv-12351 |
| Plaintiff, | State Court Case No.: 24-001018-CK |
| v. | |
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, | **NOTICE OF REMOVAL** |
| Defendant. | |

**PLEASE TAKE NOTICE** that Defendant Massachusetts Mutual Life Insurance Company ("MassMutual"), by and through its counsel, hereby files this notice of removal in the above-captioned action, currently pending in the Circuit Court of the State of Michigan, County of Washtenaw, Case No. 24-001018-CK (the "State Court Action"). This removal is made pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support hereof, MassMutual sets forth the following grounds:

### PROCEDURAL HISTORY AND BASIS FOR REMOVAL

1. On August 12, 2024, Plaintiff Laura Hagerty commenced the State Court Action.

2. MassMutual received the Complaint and Summons via email on August 12, 2024. MassMutual has not yet responded to the Complaint.

3.     Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Complaint and the Summons issued in the State Court Action, which constitute all of the process, pleadings, and orders received by MassMutual in this action to date, are attached hereto as **Exhibit A** and saved as one pdf document.  As of the date of this notice, no other papers have been filed in the State Court Action.

4.     This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a) as it is the United States District Court embracing the Circuit Court for Washtenaw County, Michigan, where the State Court Action is pending. 28 U.S.C. § 105(b)(1).

*5.*     This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) because the same has been filed within thirty (30) days of MassMutual's receipt of the Complaint.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999).

6.     Pursuant to 28 U.S.C. § 1446(d), MassMutual will promptly file a Notice of Filing of Notice of Removal (with a copy of this Notice of Removal attached) with the Clerk of the Circuit Court of the State of Michigan, County of Washtenaw, and serve it upon all counsel in this action.

<u>**DIVERSITY JURISDICTION**</u>

7.     This Court has original jurisdiction over this action under 28 U.S.C. § 1332 because this is a civil action between citizens of different states and the

amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

8.      At the time this lawsuit was filed, Plaintiff was and, upon information and belief, remains a resident and citizen of Michigan.  *See* Ex. A, Compl. ¶ 1.

9.      MassMutual was at the time the lawsuit was filed, and is as of the date of this notice, a life insurance company incorporated in Massachusetts, maintaining its principal place of business in Springfield, Massachusetts.  Thus, MassMutual is a citizen of Massachusetts.  28 U.S.C. § 1332(c)(1).

10.     Accordingly, there is complete diversity of citizenship between Plaintiff and MassMutual.

## AMOUNT IN CONTROVERSY

11.     This action concerns a disability income insurance policy (Policy No. 8581175) (the "Policy") issued by MassMutual to Plaintiff on August 15, 2022.

12.     Plaintiff asserts two counts against MassMutual for (i) breach of contract and (ii) injunctive relief.  *See generally* Ex. A, Compl.  Plaintiff contends that MassMutual's determination to rescind the Policy and failure to pay benefits constituted a breach of contract.  *Id*. at ¶¶ 11, 13.

13.     Plaintiff states that the amount in controversy "exceeds $25,000, exclusive of costs, interest, and attorney fees, and Plaintiff also seeks equitable relief."  *See* Ex. A, Compl. ¶ 3.

3

14.     Plaintiff alleges that she has suffered damages due to the alleged "breach of the insurance contract by MassMutual…including but not limited to loss of the benefits payable for partial disability…" *Id*. at ¶ 14.

15.     Specifically, Plaintiff seeks as damages from MassMutual: retroactive monthly disability income benefits, 12% statutory interest on all unpaid benefits, plus costs and attorneys' fees.  *See* Ex. A, Compl. ¶ 15, "Wherefore" section. Additionally, Plaintiff seeks injunctive relief "preventing MassMutual from terminating [her] disability insurance coverage…" *Id*. at ¶ 22, "Wherefore" section.

16.     Given Plaintiff's asserted entitlement to partial disability benefits and continued coverage, the amount in controversy plausibly exceeds the jurisdictional threshold.  *Gocha v. Pilot Travel Centers LLC*, No. 2:22-CV-12422-TGB-JJCG, 2022 WL 22838756, at *1 (E.D. Mich. Oct. 18, 2022) (amount in controversy met where plaintiff asserts continuing disability and injuries).

17.     In June 2024, Plaintiff submitted a claim for partial disability benefits under the Policy, claiming partial disability beginning April 2024.  *See* Ex. A, Compl. ¶ 9.

18.     Subject to the terms and conditions of the Policy[1], the amount of coverage for extended partial disability is a monthly benefit of $5,150 (to age 67,

---

[1]   The Court is permitted to consider documents referenced in the Complaint and central to Plaintiff's claims.  *See e.g., Gulfside Casino P'ship v. Churchill Downs Inc.*, 861 F. App'x 39, 42 (6th Cir. 2021) (considering a motion to dismiss, the Court determined it was not limited to only

with an Automatic Benefit Increase Rider that would increase coverage yearly for 5 years).  A copy of the Policy is attached as **Exhibit B**.[2]

19.     MassMutual maintains it is entitled to rescission of the Policy due to Plaintiff's material misrepresentations in the insurance application, which voids the policy if the misrepresented information "materially affected whether the acceptance of the risk or the hazard assumed by the insurer."  M.C.L. § 500.2218.

20.     Plaintiff, on the other hand, has requested relief in the form of partial disability benefits from April 2024 and continuing.

21.     Based on a monthly benefit amount of $5,150 payable from April 2024 and continuing,[3] Plaintiff's requested relief, exclusive of extra-contractual damages and attorneys' fees and costs, plausibly exceeds the amount in controversy threshold of $75,000.

---

consider narrowly defined legal documents, or documents attached to a plaintiff's complaint, because "Sixth Circuit case law is very clear that courts may consider documents that are referenced in the plaintiff's complaint and that are central to plaintiff's claims.").

[2]  The Policy has been redacted to protect the privacy and confidentiality of the Plaintiff and/or other individuals.

[3]  While the amount in controversy is assessed at the time of removal, certain classes of future damages may be considered.  *Kendrick v. FCA US LLC*, No. 21-CV-12995, 2022 WL 2758518, at *5 (E.D. Mich. July 14, 2022).  Here, potential future benefits are appropriately considered when calculating the amount of controversy because the validity of the Policy is disputed by MassMutual, due to Plaintiff's material misrepresentation in procuring the Policy.  *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 474 (6th Cir. 2019) ("where the validity of an insurance policy containing disability benefit provisions is involved in a diversity action in a federal district court, future potential benefits may be considered in computing the requisite jurisdictional amount.");  *See also Massachusetts Cas. Ins. Co. v. Harmon*, 88 F.3d 415 (6th Cir. 1996);  *Bakshi v. Avis Budget Grp., Inc.*, No. 20-10419, 2022 WL 704944, at *9 (E.D. Mich. Mar. 8, 2022) ("the costs of complying with an injunction ... may establish the amount-in-controversy").

22.     Nothing in this Notice of Removal shall constitute a waiver of MassMutual's right to assert any defense or affirmative claims, including motions pursuant to Federal Rule of Civil Procedure 12, as the case progresses.  Moreover, by demonstrating that the amount in controversy requirement is satisfied, MassMutual does not concede that the jurisdictional amount is recoverable. MassMutual denies that any amount is recoverable by Plaintiff.

23.     For the foregoing reasons, the Complaint is removable under 28 U.S.C. §§ 1332(a)(l), 1441, and 1446.

## <u>CONCLUSION</u>

WHEREFORE, Defendant MassMutual, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes this action from the Circuit Court of the State of Michigan, County of Washtenaw, to the United States District Court for the Eastern District of Michigan.

Dated: September 9, 2024          Respectfully submitted,

**FAEGRE DRINKER BIDDLE & REATH LLP**
/s/ *Katherine L. Villanueva*
Katherine L. Villanueva
One Logan Square, Ste. 2000
Philadelphia, PA 19103
Telephone: (215) 988-2700
Facsimile: (215) 988-2757
kate.villanueva@faegredrinker.com

*Attorneys for Defendant Massachusetts*
*Mutual Life Insurance Company*

6

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 9, 2024, I electronically filed the foregoing and its attachments with the Clerk of the Court by using the CM/ECF system and will send the foregoing and its attachments via e-mail and Federal Express to counsel for Plaintiff at the following address:

Robert B. June, Esq.
Law Offices of Robert June, P.C.
415 Detroit Street, 2nd Floor
Ann Arbor, MI 48104-1117
bobjune@junelaw.com
*Attorneys for Plaintiff*


/s/ *Katherine L. Villanueva*

# EXHIBIT A

Approved, SCAO

| | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| **JUDICIAL DISTRICT** | **SUMMONS** | 24-001018-CK    -CK |
| 22nd    **JUDICIAL CIRCUIT** | | JUDGE JULIA B. OWDZIEJ |
| **COUNTY** | | |

**Court address**

101 E. Huron Street, Ann Arbor, MI 48104

**Court telephone no.**
(734) 222-3270

| Plaintiff's name, address, and telephone no.<br>Laura Hagerty | v | Defendant's name, address, and telephone no.<br>Massachusetts Mutual Life Insurance Company<br>c/o Corporate Creations Network, Inc., Resident Agent<br>28175 Haggerty Road<br>Novi, MI 48377 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>Robert B. June (P51149)<br>Law Offices of Robert June, P.C.<br>415 Detroit Street, 2nd Floor<br>Ann Arbor, MI 41804-1117<br>(734) 481-1000 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk | |
|---|---|---|---|
| 8/12/2024 | 11/11/2024 | /s/ Lawrence Kestenbaum | /s/ Kim Plumb<br>August 12, 2024 |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**MC 01**  (3/23)  **SUMMONS**       MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

24-001018-CK

**Summons**   (3/23)                                                        Case No. _____

---

### PROOF OF SERVICE

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

### CERTIFICATE OF SERVICE / NONSERVICE

☐ I served   ☐ personally   ☐ by registered or certified mail, return receipt requested, and delivery restricted to the the addressee (copy of return receipt attached)   a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|------|--------------------------|
| | |
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled | Fee $ | | Signature |
|---------------|----------------|-------|--|-----------|
| Incorrect address fee $ | Miles traveled | Fee $ | TOTAL FEE $ | Name (type or print) |

---

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of a copy of the summons and complaint, together with

_____ on _____.
Attachments (if any)                                              Date and time

_____ on behalf of _____
Signature

_____
Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105

24-001018-CK

**Summons**   (3/23)                                                                     Case No. _____

| PROOF OF SERVICE |
|---|

**TO PROCESS SERVER**: You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons. If you are unable to complete service, you must return this original and all copies to the court clerk.

| CERTIFICATE OF SERVICE / NONSERVICE |
|---|

☐ I served   ☐ personally   ☐ by registered or certified mail, return receipt requested, and delivery restricted to the the addressee (copy of return receipt attached)   a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|---|---|
| Place or address of service | |
| Attachments (if any) | |

☐ I am a sheriff, deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee | Miles traveled | Fee | | Signature |
|---|---|---|---|---|
| $ | | $ | | |
| Incorrect address fee | Miles traveled | Fee | TOTAL FEE | Name (type or print) |
| $ | | $ | $ | |

| ACKNOWLEDGMENT OF SERVICE |
|---|

I acknowledge that I have received service of a copy of the summons and complaint, together with

_____ on _____ .
Attachments (if any)                                                          Date and time

_____ on behalf of _____
Signature

_____
Name (type or print)

MCL 600.1910, MCR 2.104, MCR 2.105

| Approved, SCAO | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| **STATE OF MICHIGAN**<br>22nd    **JUDICIAL DISTRICT**<br>**JUDICIAL CIRCUIT**<br>**COUNTY** | **SUMMONS** | **CASE NO.**<br>24-001018-CK    -CK<br>**JUDGE JULIA B. OWDZIEJ** |
|---|---|---|

| Court address | Court telephone no. |
|---|---|
| 101 E. Huron Street, Ann Arbor, MI 48104 | (734) 222-3270 |

| Plaintiff's name, address, and telephone no.<br>Laura Hagerty | | Defendant's name, address, and telephone no.<br>Massachusetts Mutual Life Insurance Company<br>c/o Corporate Creations Network, Inc., Resident Agent<br>28175 Haggerty Road<br>Novi, MI 48377 |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>Robert B. June (P51149)<br>Law Offices of Robert June, P.C.<br>415 Detroit Street, 2nd Floor<br>Ann Arbor, MI 41804-1117<br>(734) 481-1000 | v | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.    **SUMMONS**

**NOTICE TO THE DEFENDANT**: In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside of Michigan).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk | |
|---|---|---|---|
| 8/12/2024 | 11/11/2024 | /s/ Lawrence Kestenbaum | /s/ Kim Plumb<br>August 12, 2024 |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01   (3/23)   **SUMMONS**           MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WASHTENAW

LAURA HAGERTY ,

     Plaintiff,

Case No. 24-001018-CK _____ - CK

v.

HON. JUDGE JULIA B. OWDZIEJ

MASSACHUSETTS MUTUAL
LIFE INSURANCE COMPANY,

     Defendant.

---

ROBERT B. JUNE (P51149)
LAW OFFICES OF ROBERT JUNE, P.C.
Attorney for Plaintiff
415 Detroit Street, 2nd Floor
Ann Arbor, MI 48104-1117
(734) 481-1000
bobjune@junelaw.com

---

FILED IN Washtenaw County Trial Court; 8/12/2024 10:00 AM

## **COMPLAINT**

### **Certification**

There is no other pending or resolved action arising
out of the same transaction or occurrence as alleged
in the complaint.

*s/Robert B. June*
Robert B. June (P51149)

Now comes Plaintiff Laura Hagerty, by and through counsel, and for her Complaint against

Defendant Massachusetts Mutual Life Insurance Company, alleges as follows:

### General Allegations

1. Plaintiff Laura Hagerty (hereinafter "Ms. Hagerty") is a resident of Wayne County, Michigan.

2. Defendant Massachusetts Mutual Life Insurance Company (hereinafter "MassMutual") is a Massachusetts insurance company that does business throughout Michigan, including Washtenaw County.

3. The amount in controversy in this action exceeds $25,000, exclusive of costs, interest, and attorney fees, and Plaintiff also seeks equitable relief.

4. This Court has proper jurisdiction over this action.

### Count I: Breach of Contract

5. At all material times, Ms. Hagerty has been covered by an individual disability insurance contract issued to her by MassMutual, and MassMutual is in possession of a copy of the disability insurance contract.

6. Ms. Hagerty has timely paid all premiums for the disability insurance coverage.

7. The disability insurance contract issued by MassMutual includes coverage for partial disability.

8. Ms. Hagerty became partially disabled within the meaning of the MassMutual insurance contract in or about April 2024.

9. Ms. Hagerty submitted the required claim forms for partial disability to MassMutual on or about June 5, 2024.

10. Ms. Hagerty thereafter cooperated in full with MassMutual as it investigated her claim.

2

11. Although MassMutual acknowledged that Ms. Hagerty met the requirements for partial disability benefits, MassMutual informed Ms. Hagerty that it would not honor the claim because MassMutual believes that Ms. Hagerty made fraudulent misrepresentations in procuring the coverage.

12. There is no evidence that Ms. Hagerty actually made fraudulent misrepresentations in procuring the coverage, and it appears that this ploy amounts to bad faith on the part of MassMutual.

13. MassMutual has breached its insurance contract with Ms. Hagerty.

14. As a direct and proximate result of the breach of the insurance contract by MassMutual, Ms. Hagerty has suffered damages including but not limited to loss of the benefits payable for partial disability under the terms of the insurance contract.

15. In addition, Ms. Hagerty is entitled to 12% statutory interest on all unpaid claims pursuant to MCL § 500.2006.

Wherefore, Plaintiff requests this Honorable Court to enter judgment in her favor and against Defendant in the amount to which she is entitled, including unpaid benefits, costs, interest, and any applicable attorney fees.

## Count II:  Injunctive Relief

16. Plaintiff restates all of the previous allegations as incorporated herein.

17. The decision by MassMutual to discontinue Ms. Hagerty's disability insurance coverage was made in bad faith.

3

18. Ms. Hagerty will suffer irreparable harm as a result of MassMutual's termination of her disability insurance coverage, and she will be unable to obtain similar coverage in the marketplace due to MassMutual's claims that she made fraudulent misrepresentations to procure the coverage.

19. Therefore, it would be appropriate for the Court to enjoin MassMutual from terminating Ms. Hagerty's coverage at this time.

20. Ms. Hagerty does not have an adequate remedy at law, and an injunction is necessary to preserve her right.

21. The harm to Ms. Hagerty if MassMutual terminates her coverage greatly outweighs any harm to MassMutual as a result of continuing the coverage, especially given that MassMutual has received premiums from Ms. Hagerty for the coverage.

22. Therefore, justice requires that the Court grant Ms. Hagerty an injunction preventing MassMutual from terminating Ms. Hagerty's disability insurance coverage at this time.

Wherefore, Plaintiff requests this Honorable Court to grant an injunction preventing Defendant from terminating Plaintiff's disability insurance coverage at this time.

Respectfully submitted,

*s/Robert B. June*
Robert B. June (P51149)
Law Offices of Robert June, P.C.
Attorney for Plaintiff
415 Detroit Street, 2nd Floor
Ann Arbor, MI 48104-1117
(734) 481-1000
bobjune@junelaw.com

Dated: August 12, 2024

4