# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| LAURA HAGERTY,<br><br>Plaintiff,<br><br>v.<br><br>MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY,<br><br>Defendant. | Civil Action No.: 5:24-cv-12351<br><br>**DEFENDANT MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES** |

Defendant, Massachusetts Mutual Life Insurance Company ("MassMutual"), by and through its undersigned attorney, answers the corresponding numbered paragraphs of Plaintiff's Complaint and in support thereof states as follows:

## General Allegations

1. Plaintiff Laura Hagerty (hereinafter "Ms. Hagerty") is a resident of Wayne County, Michigan.

**RESPONSE:** Admitted upon information and belief.

2. Defendant Massachusetts Mutual Life Insurance Company (hereinafter "MassMutual ") is a Massachusetts insurance company that does business throughout Michigan, including Washtenaw County.

1

**RESPONSE:** Denied as stated. By way of further response, MassMutual is a life insurance company and was at all relevant times authorized to do business in Michigan.

3. The amount in controversy in this action exceeds $25,000, exclusive of costs, interest, and attorney fees, and Plaintiff also seeks equitable relief.

**RESPONSE:** Denied in part; admitted in part. MassMutual admits only that the amount in controversy exceeds $25,000. The remaining averments in this paragraph are denied. To the extent this paragraph implies Plaintiff is entitled to any of the relief sought in the Complaint, MassMutual expressly denies the same.

4. This Court has proper jurisdiction over this action.

**RESPONSE:** Denied. Paragraph 4 states a legal conclusion, to which no response is required. To the extent a response is deemed required, MassMutual denies the allegations in this paragraph.

## Count I: Breach of Contract

5. At all material times, Ms. Hagerty has been covered by an individual disability insurance contract issued to her by MassMutual, and MassMutual is in possession of a copy of the disability insurance contract.

**RESPONSE:** Denied in part, admitted in part. MassMutual admits only that it issued disability income insurance Policy No. 8581175 (the "Policy"), a

copy of which MassMutual possesses. The remaining averments in this paragraph are denied.

6. Ms. Hagerty has timely paid all premiums for the disability insurance coverage.

**RESPONSE:** Denied in part; admitted in part. MassMutual admits only that it received premiums for the Policy. The remaining averments in this paragraph are denied.

7. The disability insurance contract issued by MassMutual includes coverage for partial disability.

**RESPONSE:** Denied. The Policy is a written document that speaks for itself. To the extent the averments in this paragraph are inconsistent with the Policy, they are denied.

8. Ms. Hagerty became partially disabled within the meaning of the MassMutual insurance contract in or about April 2024.

**RESPONSE:** Denied. By way of further response, Plaintiff reported that she became partially disabled in April 2024.

9. Ms. Hagerty submitted the required claim forms for partial disability to MassMutual on or about June 5, 2024.

**RESPONSE:** Denied in part; admitted in part. MassMutual admits only that it received the requested claim documentation. The remaining averments in

3

this paragraph are denied. MassMutual specifically denies that the claim forms established Plaintiff's right and/or entitlement to benefits under the Policy.

10. Ms. Hagerty thereafter cooperated in full with MassMutual as it investigated her claim.

**RESPONSE:** Denied as stated. By way of further response, Plaintiff provided information to MassMutual during MassMutual's review of her claim for disability benefits under the Policy.

11. Although MassMutual acknowledged that Ms. Hagerty met the requirements for partial disability benefits, MassMutual informed Ms. Hagerty that it would not honor the claim because MassMutual believes that Ms. Hagerty made fraudulent misrepresentations in procuring the coverage.

**RESPONSE:** Denied. By way of further response, during its review of Plaintiff's disability claim, MassMutual discovered that Plaintiff did not disclose her true medical history on the application for the Policy, which was a material misrepresentation. Had Plaintiff provided truthful and accurate information on the application, MassMutual would not have issued the Policy as it was issued. Therefore, on or about August 1, 2024, MassMutual advised Plaintiff that it was rescinding the Policy and tendered all premiums paid in connection with the Policy, with interest. Further, the August 1, 2024 letter is a written document that speaks for itself. To the extent the characterizations in this paragraph are

4

inconsistent with the August 1, 2024 letter, including but not limited to Plaintiff's reference to "fraudulent misrepresentations," such averments are denied.

12. There is no evidence that Ms. Hagerty actually made fraudulent misrepresentations in procuring the coverage, and it appears that this ploy amounts to bad faith on the part of MassMutual.

**RESPONSE:** Denied. By way of further response, MassMutual properly rescinded the Policy based on Plaintiff's material misrepresentations.

13. MassMutual has breached its insurance contract with Ms. Hagerty.

**RESPONSE:** Denied.

14. As a direct and proximate result of the breach of the insurance contract by MassMutual, Ms. Hagerty has suffered damages including but not limited to loss of the benefits payable for partial disability under the terms of the insurance contract.

**RESPONSE:** Denied.

15. In addition, Ms. Hagerty is entitled to 12% statutory interest on all unpaid claims pursuant to MCL § 500.2006.

**RESPONSE:** Denied.

## Count II: Injunctive Relief

16. Plaintiff restates all of the previous allegations as incorporated herein.

**RESPONSE:** MassMutual incorporates by reference its answers and denials to each of the preceding paragraphs.

17. The decision by MassMutual to discontinue Ms. Hagerty's disability insurance coverage was made in bad faith.

**RESPONSE:** Denied.

18. Ms. Hagerty will suffer irreparable harm as a result of MassMutual's termination of her disability insurance coverage, and she will be unable to obtain similar coverage in the marketplace due to MassMutual's claims that she made fraudulent misrepresentations to procure the coverage.

**RESPONSE:** Denied.

19. Therefore, it would be appropriate for the Court to enjoin MassMutual from terminating Ms. Hagerty's coverage at this time.

**RESPONSE:** Denied.

20. Ms. Hagerty does not have an adequate remedy at law, and an injunction is necessary to preserve her right.

**RESPONSE:** Denied.

21. The harm to Ms. Hagerty if MassMutual terminates her coverage greatly outweighs any harm to MassMutual as a result of continuing the coverage, especially given that MassMutual has received premiums from Ms. Hagerty for the coverage.

**RESPONSE:** Denied. By way of further response, on or about August 1, 2024, MassMutual issued a check to Plaintiff in the amount of $6,317, refunding of all premiums paid in connection with the Policy, plus interest thereon.

22. Therefore, justice requires that the Court grant Ms. Hagerty an injunction preventing MassMutual from terminating Ms. Hagerty's disability insurance coverage at this time.

**RESPONSE:** Denied.

## AFFIRMATIVE DEFENSES

MassMutual has not yet completed substantial discovery. Without admitting any of the allegations in the Complaint, MassMutual alleges each of the following as affirmative defenses, expressly reserving all of its rights to allege additional defenses, and or/to seek leave of Court to amend to allege additional defenses, when and if facts supporting such defenses become known to it.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiff's claims are barred, in whole or in part, because Plaintiff failed to allege facts sufficient to state a claim upon which relief may be granted. MassMutual has acted at all times in accordance with the Policy and is entitled to rescind the Policy, and Plaintiff has failed to state a claim sufficient to warrant a declaration that the Policy is in force and/or that coverage under the Policy is

owed, or a decision that MassMutual breached the contract by rescinding the Policy.

**SECOND AFFIRMATIVE DEFENSE**
**(Material Misrepresentations)**

Plaintiff's claims are barred in whole or in part because the Policy was issued by MassMutual in reliance on material misrepresentations made by the Plaintiff, and MassMutual is entitled to rescind the Policy.

**THIRD AFFIRMATIVE DEFENSE**
**(Unclean Hands)**

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands because Plaintiff made material misrepresentations in her application for the Policy.

**FOURTH AFFIRMATIVE DEFENSE**
**(Intervening Cause)**

Plaintiff's claims are barred in whole or in part because to the extent any of Plaintiff's alleged damages were allegedly caused by the acts or omissions of MassMutual, there was a superseding and/or intervening cause for such damages for which MassMutual bears no obligation, responsibility, or liability.

**FIFTH AFFIRMATIVE DEFENSE**
**(Waiver)**

Plaintiff's claims are barred in whole or in part by the doctrine of waiver/estoppel.

## SIXTH AFFIRMATIVE DEFENSE
### (Conditions Precedent)

Plaintiff's claims are barred in whole or in part based on Plaintiff's failure to satisfy conditions precedent to coverage.

## SEVENTH AFFIRMATIVE DEFENSE
### (Reservation)

MassMutual has not knowingly or voluntarily waived any applicable affirmative defense, and reserves its right to assert and rely upon such other applicable affirmative defenses as may become available or apparent during the course of this action.

WHEREFORE, MassMutual respectfully requests the entry of an order by this Court as follows:

A. Rescission of the Policy;

B. Declaratory Judgment that no insurance under the Policy ever took effect and that the Policy is void; and

C. Awarding MassMutual its attorneys' fees and such other and further relief as this Court may deem appropriate.

Dated: September 16, 2024  **FAEGRE DRINKER BIDDLE & REATH LLP**
*/s/ Katherine L. Villanueva*
Katherine L. Villanueva
One Logan Square, Ste. 2000
Philadelphia, PA 19103
kate.villanueva@faegredrinker.com
*Attorneys for Defendant Massachusetts Mutual Life Insurance Company*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on September 16, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and sent the foregoing via e-mail to counsel for Plaintiff at the following address:

Robert B. June, Esq.
Law Offices of Robert June, P.C.
415 Detroit Street, 2nd Floor
Ann Arbor, MI 48104-1117
bobjune@junelaw.com
*Attorneys for Plaintiff*

/s/ Katherine L. Villanueva